UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| EMILY COTHRAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) No.: |
| FRAMES BY U-BENNETT GALLERIES, INC., WILLIAM BENNETT, BENNETT GALLERY LLC, and ELIZABETH PERKINS, | ) ) ) ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

Pursuant to Section 216(b) of the Fair Labor Standards Act (FLSA), Plaintiff files this lawsuit against Defendants and alleges the following:

1. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. Section 1331.

2. Defendant Frames By U-Bennett Galleries, Inc. (Frames By U) is a corporation incorporated under the laws of Tennessee. Its principal address is 2104 Crestmoor Road, Nashville, TN, 37215. Its registered agent for service of process is William R. Bennett, 2104 Crestmoor Road, Nashville, Tennessee, 37215.

3. Defendant William Bennett is a shareholder of and is the President and Chief Executive Officer of Frames By U. At all times material, Defendant Bennett had operational control of Frames By U and made decisions concerning how employees were compensated.

4. Defendant Bennett Gallery LLC (Bennett Gallery) is a limited liability company formed under the laws of Tennessee. Its principal address is 2104 Crestmoor Road, Nashville,

TN, 37215. Its registered agent for service of process is Andrew Dupre, 2104 Crestmoor Road, Nashville, Tennessee, 37215.

5. Defendant Elizabeth Perkins is a member/owner of Bennett Gallery. Defendant Perkins has operational control of Bennett Gallery and makes decisions concerning how employees are compensated.

6. From approximately 1978 through November of 2018, Defendant Frames By U owned and operated "Bennett Galleries," which is a business in Nashville Tennessee that sells paintings and other art and provides art framing services.

7. On or about December 1, 2018, Defendant Bennett Gallery purchased Bennett Galleries from Defendant Frames By U, purchased the assets of Frames By U, and began operating Bennett Galleries.

8. Plaintiff was employed at Bennett Galleries from approximately 2008 through December 28, 2018. During this time, Plaintiff was employed by Defendant Frames By U until approximately December 1, 2018, when Defendant Bennett Gallery purchased and began operating the business. Plaintiff was employed by Defendant Bennett Gallery from approximately December 1, 2018 through the end of her employment at Bennett Galleries on or about December 28, 2018.

9. While Plaintiff was employed at Bennett Galleries, Plaintiff performed sales duties that included interacting with and serving customers and artists, marketing, and organizing and conducting events. Plaintiff also performed various other duties, such as designing frames and performing bookkeeping work.

10. While Plaintiff was employed by Defendant Frames By U, Defendant William Bennett was a shareholder of the company, had operational control of the company, and made decisions about the manner in which Plaintiff and other employees were compensated.

11. While Plaintiff was employed by Defendant Frames By U, Defendant Elizabeth Perkins was Plaintiff's direct supervisor and made decisions about the manner in which Plaintiff and other employees were compensated.

12. While Plaintiff was employed by Defendant Bennett Gallery, Defendant Elizabeth Perkins was a member/owner of the company; had operational control of the company; made decisions about the manner in which Plaintiff and other employees were compensated; and was Plaintiff's direct supervisor.

13. While Plaintiff was employed at Bennett Galleries during the years 2016 and 2017, Plaintiff was compensated for 40 hours of work each week at an hourly rate of $19.75.

14. While Plaintiff was employed at Bennett Galleries in 2016 and 2017, she routinely worked overtime hours of more than 40 per workweek for which she was not paid overtime compensation at a rate of one and one-half times her regular rate of pay.

15. For example, in addition to her standard 40-hour work schedule, Plaintiff performed after-hours work at events, such as art shows and marketing events; met with artists after hours to place their art work back in the gallery and do an inventory of their art work after they had exhibited their work in art shows; assisted Defendant Perkins in performing bookkeeping work after hours; worked late assisting customers; and routinely arrived at the gallery early and performed work before her regularly-scheduled shift started.

16. Beginning in approximately January of 2018, Defendant Frames By U began to pay Plaintiff overtime wages at a rate of one and one-half times her hourly rate of pay for many of the overtime hours Plaintiff worked. In addition, Defendant started paying Plaintiff a commission on sales as part of her compensation. When Defendant Bennett Gallery purchased the business, it maintained the compensation system that Frames By U had in place.

17. Although Defendants paid Plaintiff overtime wages for some of the overtime that

she worked in 2018, Defendants failed to include Plaintiff's commissions in the regular rate when they calculated Plaintiff's overtime rate.

18. While Plaintiff was employed at Bennett Galleries, Defendants did not keep time records of the hours Plaintiff worked each week.

19. Each Defendant was an "employer" of Plaintiff as defined by Section 203(d) of the FLSA. Defendants Frames By U, William Bennett, and Elizabeth Perkins were employers of Plaintiff until Defendant Bennett Gallery purchased and began operating the business on or about December 1, 2018. Thereafter, Defendants Bennett Gallery and Elizabeth Perkins were employers of Plaintiff.

20. Plaintiff was an "employee" of each Defendant as defined by Section 203(e)(1) of the FLSA.

21. While Plaintiff was employed by Defendants, Plaintiff was engaged in commerce or in the production of goods for commerce as defined by Sections 207(a)(1) and 203(b) of the FLSA.

22. Defendants Frames By U and William Bennett were an enterprise engaged in commerce or in the production of goods for commerce as defined by Section 203(s)(1) of the FLSA. Defendants had annual gross volume of sales which exceeded $500,000.00.

23. Defendants Bennett Gallery and Elizabeth Perkins were an enterprise engaged in commerce or in the production of goods for commerce as defined by Section 203(s)(1) of the FLSA. Defendants had annual gross volume of sales which exceeded $500,000.00.

24. The minimum wage and overtime provisions of the FLSA set forth in Sections 206 and 207, respectively, apply to Defendants.

25. While Plaintiff was employed by Defendants, she was entitled to overtime wages at a rate of one and one-half times her regular rate of pay for hours worked over 40 in a given

workweek.

26. Defendants' failure to pay Plaintiff overtime wages of one and one-half times her regular rate of pay for all overtime hours worked was a violation of Section 207 of the FLSA.

27. Defendants' violation of Section 207 of the FLSA was willful. Specifically, Defendants were well aware of their obligation to pay Plaintiff overtime wages pursuant to the FLSA, or recklessly disregarded their legal obligation.

28. As a result of Defendants' failure to comply with Section 207 of the FLSA, Defendants are liable to Plaintiff for overtime back pay.

29. In addition to the amount of unpaid overtime wages owing to Plaintiff, Plaintiff is also entitled to recover an equal amount of liquidated damages pursuant to 29 U.S.C. § 216(b).

30. Plaintiff is entitled to an award of attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

31. In addition to their independent liability as employers under the FLSA, Defendants Bennett Gallery and Elizabeth Perkins are also liable for the FLSA violations of Defendants Frames By U and William Bennett pursuant to the doctrine of successor liability under the FLSA.

WHEREFORE, Plaintiff prays for a judgment for damages against Defendants that include the following:

(a) overtime back pay;

(b) liquidated damages in an amount equal to her overtime back pay;

(c) interest;

(d) reasonable attorney's fees;

(e) the costs and expenses of this action; and

(f) all further general legal and equitable relief to which he may be entitled.

Respectfully submitted,

/s/ R. Scott Jackson, Jr.
R. Scott Jackson, Jr., #13839
4525 Harding Road, Suite 200
Nashville, TN 37205
(615) 313-8188
(615) 313-8702 (facsimile)
rsjackson@rsjacksonlaw.com

Attorney for Plaintiff